RENDERED:  JANUARY 24, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0753-ME

S.P.                                                                APPELLANT


                    APPEAL FROM JACKSON CIRCUIT COURT
v.                  HONORABLE CLINT J. HARRIS, JUDGE
                    ACTION NO. 24-AD-00005


COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; A.M.G., A
CHILD; AND J.G., FATHER                                              APPELLEES

AND

NO. 2024-CA-0784-ME

J.G., FATHER                                                        APPELLANT


                    APPEAL FROM JACKSON CIRCUIT COURT
v.                  HONORABLE CLINT J. HARRIS, JUDGE
                    ACTION NO. 24-AD-00005


COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; A.M.G., A
CHILD; AND S.P., MOTHER                                             APPELLEES

OPINION
AFFIRMING

\*\* \*\* \*\* \*\* \*\*

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

THOMPSON, CHIEF JUDGE:  In this consolidated appeal, S.P.[1] ("Mother") and

J.G. ("Father") appeal from judgments of the Jackson Circuit Court involuntarily

terminating their parental rights as to A.M.G. ("Child").  Appointed counsel for

Mother and Father filed *Anders* briefs[2] in accordance with *A.C. v. Cabinet for*

*Health and Family Services*, 362 S.W.3d 361 (Ky. App. 2012), arguing that there

are no nonfrivolous grounds for the appeals; requesting to withdraw as counsel;

and, providing the parties with the opportunity to file *pro se* briefs.  No *pro se*

briefs having been filed, and after closely examining the record and the law, we

find no error and affirm the judgments of the Jackson Circuit Court.

## FACTS AND PROCEDURAL HISTORY

On July 10, 2020, a motorist observed Child, then age 3, in the

roadway alone on Highway 421 North in McKee, Kentucky.  The motorist

summoned the Kentucky State Police, who, upon investigation, determined that

Mother and Father were at home asleep and were unaware that Child had left the

---

[1] We will use the parties' initials because this matter involves the involuntary termination of parental rights.

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

residence. Child was temporarily placed in the custody of a maternal grandmother by way of order entered on August 25, 2020. On August 26, 2020, Child was adjudged to be abused and neglected. The Commonwealth of Kentucky, Cabinet for Health and Family Services ("the Cabinet"), provided reunification services, and Child was subsequently returned to the parties' custody.

On June 6, 2022, another emergency custody order was entered after Mother and Father were arrested for domestic violence occurring at the home in Child's presence. Child was then placed with the Cabinet, and another finding that Child was abused and neglected was entered into the record. The Cabinet again offered reunification services, which were not successful. Mother and Father were given a case plan, which they were not able to complete. On August 8, 2022, a disposition hearing was conducted and Child remained with the Cabinet.

The Cabinet referred Mother and Father to a series of service providers as part of their ongoing reunification. With each provider – Intrust, Cumberland Valley Comprehensive Care Center, Richmond Recovery, and Second Mile Behavioral Health – Mother and Father missed multiple appointments or otherwise failed to satisfactorily participate. Testimony was later adduced that the parents had not enrolled in domestic violence counseling or parenting classes, and were not actively doing any approved mental health or substance abuse counseling.

A social worker also testified that both parents frequently failed to participate in or failed required drug screens.

Child remained in the Cabinet's custody for more than two years. Ultimately, the Cabinet and Child's guardian *ad litem* agreed that termination would be in Child's best interest. The Jackson Family Court then found that the Cabinet met its burden under Kentucky Revised Statutes ("KRS") 625.090, and was entitled to a judgment terminating the parental rights of both parties. This appeal followed.

## STANDARD OF REVIEW

Mother and Father's counsel filed an *Anders* brief in compliance with *A.C.*, *supra*. In *A.C.*, this Court adopted and applied the procedures identified in *Anders*, *supra*, regarding appeals from orders terminating parental rights where counsel cannot identify any nonfrivolous grounds to appeal. *A.C.*, 362 S.W.3d at 371. Those procedures require counsel to first engage in a thorough and good faith review of the record. *Id.* "[I]f counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* at 364 (quoting *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400).

The applicable standard of appellate review of findings by the family court in a termination of parental rights case is the clearly erroneous standard;

therefore, the findings of fact will not be set aside unless unsupported by substantial evidence. *M.L.C. v. Cabinet for Health and Family Servs.*, 411 S.W.3d 761, 765 (Ky. App. 2013); *see also* Kentucky Rule of Civil Procedure ("CR") 52.01. A family court has broad discretion in determining whether the best interests of the child warrant termination of parental rights. *C.J.M. v. Cabinet for Health and Family Servs.*, 389 S.W.3d 155, 160 (Ky. App. 2012).

## ANALYSIS

Mother and Father's appointed counsel complied with the requirements of *A.C.* and *Anders* by providing Mother and Father with a copy of the brief and informing them of their right to file *pro se* briefs raising any issues they found meritorious. *A.C.*, 362 S.W.3d at 371. Neither party filed a *pro se* brief. Per *A.C.*, we have closely examined the record and the law, and agree with counsel that no grounds exist that would warrant disturbing the circuit court's order terminating Mother and Father's parental rights.

KRS 625.090 sets forth the requirements which must be met before a circuit court may involuntarily terminate parental rights. First, the court must determine that the child is abused or neglected or that the child was previously determined to be abused or neglected by a court of competent jurisdiction. KRS 625.090(1)(a). Second, a petition seeking the termination of parental rights must have been filed by the Cabinet pursuant to KRS 620.180 or KRS 625.050. KRS

625.090(1)(b)1.  Third, the circuit court must find that termination is in the best interests of the child.  KRS 625.090(1)(c).  Finally, the court must find by clear and convincing evidence of the existence of one or more of the eleven grounds, (a) through (k), set out in KRS 625.090(2).

In the matter before us, each of the statutory requirements were met, and we will not disturb the findings of the circuit court because they are supported by substantial evidence.  *M.L.C.*, *supra*.  That substantial evidence includes proof that more than one emergency custody order has been entered in this case; that Mother and Father were arrested for domestic violence; that Child has twice been adjudicated as abused and neglected; and that Child spent at least two years in the custody of the Cabinet.  Further, despite ongoing efforts by the Cabinet to bring about reunification, Mother and Father have failed to complete their case plans; have not been able to consistently provide clean drug screens; and, have failed to successful participate in free programs given by at least four service providers under the Cabinet's oversight.

## CONCLUSION

The circuit court's findings are amply supported by the record and the KRS 625.090 requirements for involuntary termination of parental rights were met. No nonfrivolous grounds for appeal are found in the record.  For these reasons, and

with due regard to the serious consequences of involuntary termination on both the parents and the child, we find no error and affirm the judgment on appeal.

ALL CONCUR.


BRIEF FOR APPELLANT S.P.:

Sharon K. Allen
McKee, Kentucky


BRIEF FOR APPELLANT J.G.:

Marcus E. Fannon
Manchester, Kentucky

BRIEFS FOR APPELLEE CABINET
FOR HEALTH AND FAMILY
SERVICES:

Juliana B. Coffey
London, Kentucky